**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM HENRY HARRISON, : | |
| : | Civil Action No. 08-3050 (RMB) |
| Plaintiff, : | |
| : | |
| v. : | **O P I N I O N** |
| : | |
| MS. K. SMITH, et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

William Henry Harrison, <u>Pro Se</u>
1913 Johnson Court
Richmond, VA 23223

**BUMB, District Judge**

Plaintiff, William Henry Harrison, filed a motion for reconsideration of this Court's July 28, 2009 Opinion and Order dismissing his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. For the following reasons, the motion will be denied.

**BACKGROUND**

Plaintiff's underlying claims and the background of this case were explained in this Court's July 28, 2009 Opinion as follows:

> Plaintiff states that he is currently on supervised release. In addition to being housed at the Federal Correctional Institution in Fort Dix, New Jersey, he was also housed in federal facilities in

Pennsylvania and Virginia. He seeks to sue numerous federal actor defendants for violations of his rights.

Specifically, Plaintiff states that in 2003, he was classified by the Bureau of Prisons ("BOP") as a "sex offender" and "violent offender" based on a pre-sentence report ("PSR") noting that Plaintiff had a prior conviction for rape and other sexual offenses from 1975. (Am. Complt., ¶ 14). Plaintiff states that the information regarding the conviction for rape in the PSR was false, and that he protested the false information, but the information was not removed. The sex offender classification deprived Plaintiff of privileges while he was incarcerated, and subjects him to sex-offender registration upon leaving the BOP. (Am. Complt., ¶ 15).

In 2007 and 2008, while housed in a federal facility in Pennsylvania, Plaintiff again sought to have the false information in the PSR removed from his BOP central file through the Administrative Remedy Process. The classification was upheld. (Am. Complt., ¶ 16).

In January of 2008, Plaintiff appeared before the United States District Court, Eastern District of Texas, his sentencing court, for a resentencing hearing. (Am. Complt., ¶ 17). Although Plaintiff had challenged the erroneous information at his first sentencing hearing in 2003, at the resentencing hearing, Plaintiff again contested the information in the PSR. Plaintiff claims that at the 2003 sentencing hearing, the PSR issue was not resolved. However, at the 2008 hearing, the resentencing judge "specifically listened to [Plaintiff's] arguments against the false information and made a determination with respect thereto." (Am. Complt., ¶ 18). That judge, Judge Davis, found that the information in the PSR was false and misleading, in that Plaintiff was only found guilty, after a plea, of bail jumping that occurred in 1980 under a separate indictment number different from the rape charge. Judge Davis found that the rape charge was dismissed, and there never was a conviction for any sexual or violent misconduct. (Am. Complt., ¶ 19). The Amended Judgment and Commitment Order directed the BOP not to use the false and misleading information in the PSR against Plaintiff, or deprive him from any programs. (Am. Complt., ¶ 20).

Upon his arrival back at the federal facility, Plaintiff informed his case manager about Judge Davis' ruling, and learned that the BOP was making arrangements for him to go to a halfway house, since his sentence was reduced from 168 to 132 months, and Plaintiff was due for release within three months. (Am. Complt., ¶ 21). Plaintiff requested to go to a camp facility to take advantage of the furlough program. He had previously been denied such designation because of the sex offender classification, and expected having the label removed after Judge Davis' Amended Judgment. Plaintiff was sent to the Fort Dix, New Jersey facility. However, the BOP maintained the sex offender classification. Plaintiff met with his Unit Team, who refused to remove the classification. (Am. Complt., ¶¶ 22-25). The team told Plaintiff that they did not have to abide by what the judge said, rather they would rely solely on what the BOP staff had determined with respect to his labeling. (Am. Complt., ¶¶ 26-27).

Plaintiff began the Administrative Remedy Process again, and was denied based on the information in the PSR. (Am. Complt., ¶¶ 28-30). Plaintiff's appeals of the denials were dismissed because during the course of the appeals Plaintiff was released to supervised release. (Am. Complt., ¶ 32). Plaintiff claims that the defendants knew that Judge Davis' order states that he should not have the sex offender label; however they are retaliating against him for "exercise of First Amendment protected activities, particularly against BOP staff over the years ...." (Am. Complt., ¶¶ 31, 36, 47, 48).

Plaintiff claims that the sex offender classification remains in his BOP file, and that notification has been sent to law enforcement agencies. Plaintiff admits, however, that he has not been required to register as a sex offender. (Am. Complt., ¶ 34). Plaintiff notes that his requests for relief from the defendants, to have his file corrected, have been denied repeatedly. (Am. Complt., ¶¶ 36-46).

Plaintiff asks for monetary relief, and for the sex offender label to be removed from his BOP Central File.

See Opinion (docket entry 8), at pp. 2-5.

This Court dismissed Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e).  First, this Court held that the assignment of a sex offender PSF, in itself, did not implicate the Due Process Clause, and that Plaintiff had not set forth facts demonstrating an equal protection claim.  See Opinion, pp. 9, 10.  Plaintiff's retaliation claim was rejected because the BOP's enforcement of the PSF classification was not "adverse action" and because the BOP is not required to follow the judge's order with regard to his classification.  See Opinion, p. 12.  This Court explained that the existence of the rape charge, despite the fact that Plaintiff was not convicted of rape, could support the PSF of sex offender according to Program Statement 5100.08.  See Opinion, p. 13.  Finally, this Court rejected Plaintiff's Fourth and Eighth Amendment claims, and Privacy Act claims.  See Opinion, pp. 14-15.

## DISCUSSION

**A.    Motions for Reconsideration**

### 1.    Rule 59(e)

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  See United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure

4

59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b). See id. In the District of New Jersey, Local Civil Rule 7.1(i) (formerly 7.1(g)) governs motions for reconsideration. See Byrne v. Calastro, 2006 WL 2506722 (D.N.J. Aug. 28, 2006).[1]

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion. See L. Civ. R. 7.1(i). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its

---

[1] Byrne states:

> . . . in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey.

Byrne, 2006 WL 2506722 at *1 (citations omitted).

order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. See Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

    Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. See Bowers, 130 F. Supp.2d at 613; Resorts Int' l. v. Great Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at

831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  See Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

    2.    **Rule 60(b)**

Rule 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party
> or its legal representative from a final judgment,

>order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002)).

A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Rather, relief under Rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'" Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (internal citations omitted).

Relief is available only in cases evidencing extraordinary circumstances. See Ackermann v. United States, 340 U.S. 193 (1950); Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." FDIC v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956).

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

### 3. **Petitioner's Arguments**

In Plaintiff's motion for reconsideration (docket entry 12), he argues that this Court's decision was incorrect. He asks that the BOP not "continue" to label him a sex offender when he is not one; that he has met the necessary requirements for monetary relief under Bivens; and that the sentencing court's orders to the BOP were "flagrantly disregarded." However, these arguments are based on Plaintiff's belief that he should not have been

9

accorded the PSF of sex offender. Plaintiff points to the sentencing judge's order to the BOP as evidence supporting his claim. However, as explained to Plaintiff in this Court's July 28, 2009 Opinion, the BOP does not have to follow the judge's order, and he can still be labeled a sex offender based on the rape charges, despite not having been convicted. See Opinion, pp. 12-13.

Plaintiff also disagrees with this Court's assessment of his retaliation claim, in that he thinks that the PSF was an "adverse action" because it was based on "false information . . . generated outside of the BOP, in a mean-spirited manner with no justification whatsoever." (Motion, p. 3). He also argues that this Court's Fourth and Eighth Amendment analyses were incorrect.

However, as required to sustain a motion for reconsideration under Local Civil Rule 7.1, here, Plaintiff does not assert that this Court overlooked a factual or legal issues that may alter the disposition of this matter-- Plaintiff's arguments concerning the allegedly false PSF, do not alter the disposition of this case. Plaintiff disagrees with this Court's decision. However, Plaintiff is not entitled to relief on his motion under Local Civil Rule 7.1. This Court has already considered and rejected his arguments.

Furthermore, nothing presented by Plaintiff in his motion challenges this Court's determination that the BOP's classification of Plaintiff was not improper or unconstitutional. Plaintiff has not demonstrated that he satisfies any of the reasons warranting 60(b) relief--he has not shown entitlement to be relieved from the judgment due to mistake, inadvertence, surprise, or excusable neglect, see Rule 60(b)(1); has not presented newly discovered evidence, see Rule 60(b)(2); and has not satisfied the criteria for Rule 60(b)(3)-(6).

Therefore, with regard to a Rule 60(b) motion, Plaintiff has not demonstrated that he is entitled to relief from this Court's judgment of July 28, 2009.  Nothing Plaintiff presents in his motion convinces this Court that "extraordinary circumstances" exist which warrant 60(b) relief.  Thus, Plaintiff is not entitled to relief under Rule 60(b) and his motion will be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motions will be denied.  An appropriate order follows.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: February 24, 2010

11